IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
July 9, 2024 Session

**STATE OF TENNESSEE v. DEWEY HUGGINS**

**Appeal from the Circuit Court for Fayette County**
**No. 20-CR-154      J. Weber McCraw, Judge**

_____

**No. W2023-01284-CCA-R3-CD**
_____

The Appellant, Dewey Huggins, was convicted of aggravated domestic assault and sentenced to fourteen years' imprisonment. The sole issue presented in this appeal is whether Assistant District Attorney General Falen Chandler should have been disqualified from prosecuting this case based on her prior representation of the Appellant in a separate criminal case in 2014. After review, we determine that no conflict of interest existed and affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and JOHN W. CAMPBELL, SR., JJ., joined.

John S. Colley, Columbia, Tennessee (on appeal) and Richard McFall, Jackson, Tennessee (at trial) for the appellant, Dewey Huggins.

Jonathan Skrmetti, Attorney General and Reporter; Richard D. Douglas, Senior Assistant Attorney General; Mark E. Davidson, District Attorney General; and Raven Icaza and Falen Chandler, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

While working in private practice, General Chandler represented the Appellant in a 2014 Hardeman County criminal case. The Appellant pleaded guilty to two counts of aggravated assault and was sentenced to seven years, suspended to supervised probation after service of three hundred sixty days' imprisonment. At some point after the conclusion

of her representation of the Appellant, General Chandler became a prosecutor for the Twenty-Fifth Judicial District.

The Appellant committed the instant offense while still on probation in the 2014 case. On February 22, 2020, he strangled his then-fiancé after accusing her of infidelity. At trial, a Fayette County jury convicted him of aggravated domestic assault. Though General Chandler did not represent the State during the trial, she participated in the Appellant's prosecution. She is listed as a representative of the State in numerous filings, including the Notice of Intent to Seek Enhanced Punishment, the Motion for Reciprocal Discovery, and the State's Response to the Appellant's Motion for New Trial. She also signed the judgment forms as counsel for the State. The Appellant, however, did not object to her participation until the sentencing hearing.

At the sentencing hearing, General Chandler represented the State. Defense counsel objected to her participation based on her previous representation of the Appellant. General Chandler acknowledged that she represented the Appellant in the 2014 case and that he was currently dealing with a violation of probation in that case. She indicated, however, that she did not believe representing the State during the sentencing hearing would create a conflict of interest. When asked how the prior representation created a conflict, defense counsel said he assumed she did not represent the State at trial because of the possible conflict. The trial court responded, "If you can't articulate a specific reason other than representation eight years ago, then the [c]ourt does not find that's a conflict."

As relevant to the issue on appeal, the Appellant testified and was cross-examined by General Chandler. After the Appellant disputed the number of his prior convictions, General Chandler presented the Appellant with certified judgments of fifteen felony convictions, including the two aggravated assault convictions in the 2014 case. The Appellant read each offense date and confirmed that each of the judgments was signed by either him or his attorney.

General Chandler argued that the Appellant was a persistent offender and requested the maximum within-range sentence of fifteen years. She also argued that the sentence should be served consecutively to his sentence in the 2014 case because the Appellant was a dangerous offender and because he was on probation in the 2014 case when he committed the instant offense. Defense counsel conceded that the Appellant was a persistent offender based on the certified judgments but requested alternative sentencing.

The trial court sentenced the Appellant as a Range III persistent offender to fourteen years' imprisonment to be served consecutively to his sentence in the 2014 case. The Appellant filed a motion for new trial and an amended motion for new trial, which the trial court denied.

In his amended motion for new trial, the Appellant argued that General Chandler was disqualified from prosecuting the Appellant in this case. He argued that "[General] Chandler argued during sentencing for a longer jail sentence, and consecutive sentencing, based on the very case [she] represented [the Appellant] on." He contended that the required screening and notice procedures were not followed and General Chandler instead participated actively in the Appellant's prosecution.

At a hearing on the motion, the Appellant introduced certified copies of records from the 2014 case. Included among the records was the order appointing General Chandler to represent the Appellant and the guilty plea signed by both the Appellant and General Chandler. The guilty plea and judgment indicated that the Appellant pleaded guilty to two counts of aggravated assault and was sentenced to seven years, suspended to supervised probation after service of three hundred sixty days' imprisonment. A probation violation was filed on April 23, 2020. The violation was based on the pending charges in the instant case and several convictions in a Weakley County case. On January 24, 2023, after his conviction in the instant case, the Appellant stipulated to the violation and his suspended sentence was revoked. The Appellant presented no other evidence at the hearing. The State contended that the 2014 case "was finalized some years ago" and "[u]nless [c]ounsel has some information . . . that shows that General Chandler brought something from that 2014 case that would have affected the prosecution or trial in this matter," no disqualification was necessary.

The trial court denied the motion for new trial, reasoning that there was no conflict of interest because "no confidences of the [Appellant] were breached or compromised." This timely appeal followed.

**ANAYLSIS**

The Appellant argues that General Chandler should have been disqualified from prosecuting this case based on her prior representation of him in the 2014 case. He contends that the matters are substantially related because: (1) the 2014 case was still active during this case; (2) the 2014 case was used to enhance his sentence and support consecutive sentencing in this case; and (3) his conviction in this case was used to revoke his probation in the 2014 case. The State responds, and we agree, that the matters are not substantially related and therefore create no conflict of interest.

We review a trial court's decision as to disqualification for an abuse of discretion. State v. Eady, 685 S.W.3d 689, 704 (Tenn. 2024) (citing State v. Davis, 141 S.W.3d 600, 613 (Tenn. 2004)). "A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an

illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence." Id. (quoting Harmon v. Hickman Cnty. Healthcare Servs., Inc., 594 S.W.3d 297, 305 (Tenn. 2020)).

Rule of Professional Conduct 1.9 identifies a lawyer's duties to former clients. Tenn. Sup. Ct. R. 8, RPC 1.9. This rule applies to lawyers serving as public officers or employees. Tenn. Sup. Ct. R. 8, RPC 1.11(d) ("Except as law may otherwise expressly permit, a lawyer serving as a public officer or employee . . . is subject to RPCs 1.7 and 1.9."). It states that:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Tenn. Sup. Ct. R. 8, RPC 1.9(a) (emphasis added). Comment 3 to Rule 1.9 defines substantially related as follows:

> Matters are "substantially related" for purposes of this Rule if they involve the same transaction or legal dispute or other work the lawyer performed for the former client or if there is a substantial risk that confidential factual information that would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter, unless that information has become generally known.

Tenn. Sup. Ct. R. 8, RPC 1.9 cmt. 3.

The Tennessee Supreme Court recently determined that no substantial relationship existed in similar circumstances. Eady, 685 S.W.3d at 705-06. In Eady, the elected district attorney general, while in private practice, represented a defendant in a 1989 case in which the defendant was convicted of aggravated robbery. Id. at 699. Almost twenty years later, after the district attorney general's election, the defendant was convicted of additional aggravated robberies. Id. at 704. The 1989 conviction helped establish his status as a repeat violent offender, which enhanced his sentence. Id. The court determined that the two matters were "at most tangentially related." Id. at 705. First, the matters "clearly [did] not involve the same legal dispute." Id. at 706. Second, there was no substantial risk that confidential information that would normally have been obtained in the prior representation would materially advance the State's position in the present case because the "only information of import for purposes of the present case was the simple fact of conviction in the 1989 case, which was public record and, therefore, not confidential." Id.

- 4 -

The trial court did not abuse its discretion by finding that General Chandler's prior representation of the Appellant did not create a conflict of interest. As held in Eady, the use of the 2014 conviction to help establish the Appellant's status as a persistent offender does not render the matters substantially related. 685 S.W.3d at 705-06. The fact that the Appellant was still serving the probationary sentence imposed in the 2014 case does not change this analysis. The matters do not involve the same legal dispute, and there was no substantial risk that confidential factual information General Chandler would normally have obtained in the prior representation would materially advance the State's position in this case. General Chandler's cross-examination of the Appellant related to the 2014 case was limited to the fact that the Appellant had been convicted of two counts of aggravated assault, which was not confidential. Accordingly, there was no conflict of interest, and the Appellant is not entitled to relief.

## CONCLUSION

Because no conflict of interest existed, we affirm the judgment of the trial court.

_____
CAMILLE R. MCMULLEN, PRESIDING JUDGE